Cleopatra MOSTAFA, By Her Next Friend Barbara Mostafa; Barbara Mostafa, Individually, Plaintiffs–Appellants,

v.

BUFFETS, INC., doing business as Old Country Buffet, Defendant–Appellee.

No. 02–2508.

United States Court of Appeals, Sixth Circuit.

Aug. 11, 2003.

Before KEITH and COLE, Circuit Judges; and WEBER, District Judge.*

### ORDER

Plaintiffs, Barbara Mostafa and Cleopatra Mostafa (Barbara's minor daughter), appeal a district court order dismissing their civil complaint filed under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.;* the Persons with Disabilities Civil Rights Act ("PWDCRA"), Mich. Comp. Laws § 37.1101 *et seq.;* the Equal Public Accommodations Act, Mich. Comp. Laws § 750.146; and various state laws. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral

argument is not needed. Fed. R.App. P. 34(a).

On April 3, 1999, the plaintiffs, along with Tariq Mostafa (minor child of Barbara Mostafa), patronized the Old Country Buffet restaurant in Taylor, Michigan, paid for their meal in advance and attempted to dine in the restaurant. Approximately five minutes later, Mark Phillips, a restaurant manager, asked them to leave, explaining that several customers had complained about the conduct of the Mostafa children during their last visit. Phillips offered the Mostafas a refund of their monies as an incentive for them to leave, but this overture was initially rejected. When the plaintiffs refused to leave the facilities, Phillips called the City of Taylor Police Department whose assistance he sought to obtain in handling this potentially troubling situation. Upon Phillips's return to the dining room area, Barbara Mostafa advised him that she had reconsidered his offer and expressed a willingness to accept his offer of a refund. However, prior to their departure from the premises, Barbara Mostafa engaged in an argument with another restaurant employee. The Taylor police arrived, interviewed Phillips, and thereafter advised the two plaintiffs of the defendant's right to remove them from the facilities. Prior to her departure from the restaurant, Cleopatra Mostafa challenged the right of the defendants to remove her family from the premises. A physical struggle between the plaintiffs and the officers followed. Barbara Mostafa and her daughter were subsequently arrested.

The plaintiffs originally filed their civil complaint in the Wayne County Circuit Court, in which they charged the defendant with having (1) violated their civil rights under the Americans with Disabili-

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

ties Act, 42 U.S.C. § 12101 *et seq.*, the Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101 *et seq.*, and the Equal Public Accommodations Act, Mich. Comp. Laws § 750.146, and (2) committed, acts of negligence, false arrest, battery, malicious prosecution and intentional infliction of emotional distress, all of which caused them to sustain damages. The state action was removed to the United States District Court for the Eastern District of Michigan on July 31, 2001.

On September 9, 2002, the district court granted the defendant's motion for summary judgment on each of the plaintiffs' claims, with one exception; namely, the claim relating to the issue of battery. In rejecting the defendant's request for summary judgment on this narrow issue, the district court expressed the view that a genuine issue of material fact existed as to whether Mark Phillips had committed battery toward either or both of the plaintiffs.

Thereafter, the defendant filed a motion for reconsideration contending that "even if the Court [finds] that Plaintiff had met the substantive elements of their claim of battery, Defendant could not be held liable for such a claim because Buffets, Inc. is not liable for any intentional tort committed by non-defendant Mark Phillips." The district court agreed and granted the defendant's motion for reconsideration on the remaining claim. This appeal followed.

We review de novo a grant of summary judgment. *Lucas v. Monroe County*, 203 F.3d 964, 971 (6th Cir.2000). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The moving party has the burden of showing an absence of evidence to support the non-moving party's

case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 914 (6th Cir.2000).

Upon review, we conclude that the district court did not err in granting summary judgment for the defendant. Because the district court articulated the reasons for dismissing the plaintiffs' suit, a detailed opinion would be duplicative and serve no useful purpose.

Accordingly, the district court's order is affirmed for the reasons stated in the orders filed September 9, 2002, and November 14, 2002. Rule 34(j)(2)(C), Rules of the Sixth Circuit.